# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DEMUN D. WALKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-4186-CV-C-FJG-P |
| MIKE KEMNA, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTIONS**

Plaintiff, who is incarcerated at the Jefferson City Correctional Center (JCCC) in Jefferson City Missouri, has filed pro se this civil action pursuant to 42 U.S.C. § 1983. Currently pending before this Court are defendants Larson and Thompson's motion for summary judgment (Doc. No. 98), plaintiff's responses thereto (Doc. Nos. 104, 106, 108, 109, 111), plaintiff's motions for partial summary judgment (Doc. Nos. 76-83), defendants' response thereto (Doc. No. 100), plaintiff's reply thereto (Doc. Nos. 104), plaintiff's motion for injunctive relief (Doc. No. 84), plaintiff's motion for relief from court order (Doc. No. 113), and plaintiff's motions for court orders (Doc. Nos. 114-116).

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 56(c), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." See generally Van Wyhe v. Reisch, 581 F.3d 639, 648 (8th Cir. 2009), cert. denied, 581 F.3d 639 (2010); Mason v. Correctional Medical Services, Inc., 559 F.3d 880, 884-85 (8th Cir. 2009). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that

may be reasonably drawn from the evidence.  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Recio v. Creighton University, 521 F.3d 934, 938 (8th Cir. 2008) (citation omitted).

The inquiry performed is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); Cook v. City of Bella Villa, 582 F.3d 840, 848 (8th Cir. 2009) (rehearing en banc denied).

## UNDISPUTED STATEMENT OF FACTS

In plaintiff's original complaint (Doc. No. 1) and supplements, plaintiff alleged that defendants used excessive force against him on numerous occasions. After this Court severed and dismissed all but one of plaintiff's claims for failure to exhaust administrative remedies (Doc. No. 39), plaintiff's only remaining claim involves the alleged use of excessive force by defendants for the use of pepper spray against plaintiff on February 23, 2010.  Doc. No. 1, p. 3; Doc. No. 1-1, pp. 2, 4.

Defendants Larson and Thompson are both Corrections Officers at JCCC.  Doc. No. 98, p. 6.  Prior to February 23, 2010, plaintiff had received 73 conduct violations at JCCC and a total of 234 conduct violations during the length of his incarceration.  Doc. No. 98, pp. 6-7.  Plaintiff frequently had been aggressive and threatening towards officers during attempts to restrain him or remove restraints, and on December 28, 2009, plaintiff told Thompson that he was going to kill

Thompson when he got out of prison and that he was going to get him. Doc. No. 98, p. 7. Plaintiff acknowledged that since at least June 2009, he has been non-compliant to Thompson's orders. Doc. No. 98, p. 7.

On February 23, 2010, plaintiff covered the camera in his cell. Doc. No. 98, p. 7. After Thompson told plaintiff to uncover the camera, plaintiff refused and threatened Thompson. Doc. No. 98, pp. 7-8. When Thompson walked away, plaintiff started kicking the cell door. Doc. No. 98, p. 7. Plaintiff was given a conduct violation for his actions and was placed on special security order (SSO) by the shift commander. Doc. No. 98, p. 8. The shift commander approved the use of pepper spray, if necessary, to place plaintiff on the SSO. Id.

Thompson approached plaintiff's cell to place him on SSO and gave plaintiff a directive to submit to hand restraints, which plaintiff refused. Id. After Thompson warned plaintiff that he would be pepper sprayed if he continued to disobey Thompson's directive, Thompson administered a short burst of pepper spray into plaintiff's cell when plaintiff continued to refuse to be cuffed. Id.

Thompson left plaintiff's cell for a few minutes and returned to find that plaintiff had covered his cell window with a towel. Doc. No. 98, p. 9. Thompson asked plaintiff again to submit to hand restraints, and again plaintiff refused. Id. Thompson then warned plaintiff that he would be pepper sprayed again if he did not comply, and Thompson administered another short burst of pepper spray into plaintiff's cell after plaintiff refused to comply. Doc. No. 98, p. 10. Afterwards, plaintiff allowed officers to restrain him, and he was escorted to the holding area. Id.

While being escorted to the holding area, plaintiff stated that he was suicidal, so, upon being placed in the holding cell, plaintiff was directed to remove his clothes and put on a Kevlar gown in order to prevent him from harming himself. Doc. No. 98, pp. 10-11. Plaintiff refused to stand and strip and was informed by an officer that plaintiff could be sprayed again if he continued to refuse.

3

Doc. No. 98, p. 11. Thompson told plaintiff to dress out or plaintiff would be sprayed, and Thompson administered a short burst of pepper spray after plaintiff refused. Id. Plaintiff then removed his clothes, was given a Kevlar gown, and was placed in a cell for suicide watch. Id.

## **DEFENDANT LARSON**

Insofar as plaintiff brings claims against Larson for use of excessive force for the events of February 23, 2010, defendants argues that plaintiff fails to plead Larson's personal involvement in the situation and that plaintiff admits that Larson had no involvement. Doc. No. 98, p. 13. In response, plaintiff argues that Larson was involved in the use of excessive force on days other than February 23, 2010. Doc. No. 106.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege the deprivation of a constitutional or federally protected right. See Parratt v. Taylor, 451 U.S. 527, 532 (1981). "Liability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). Plaintiff, therefore, must present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to supervise or act, which resulted in plaintiff's injuries. See generally Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility); Ronnei v. Butler, 597 F.2d 564 (8th Cir. 1979).

Plaintiff has failed to plead Larson's personal involvement. Plaintiff does not claim that Larson was involved in the use of excessive force on February 23, 2010, and plaintiff's other claims of excessive force by Larson were dismissed by this Court for failure to exhaust. Doc. No. 39. Therefore, defendants' motion for summary judgment as to Larson will be granted, and Larson will be severed and dismissed from this case.

4

**DEFENDANT THOMPSON**

As to plaintiff's claim that Thompson used excessive force by using pepper spray on February 23, 2010, defendants argue that Thompson's use of force was reasonable and was not done to be malicious or sadistic. Doc. No. 98, p. 20. In response, plaintiff states that Thompson's use of force was not reasonable and that Thompson used excessive force on numerous occasions. Doc. No. 106.

When prison officials are accused of using excessive force, the inquiry is whether the force applied was in a good faith effort to maintain or to restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillan, 503 U.S. 1, 6 (1992); see also Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994). In determining whether the use of force by correctional officers is wanton or unnecessary, the Court must consider the following factors: (1) the necessity of force; (2) the relationship between the level of force needed and the amount of force used; (3) the degree of injury; (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); see also Hudson, 503 U.S. at 7. "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley, 475 U.S. at 319.

Plaintiff fails sufficiently to allege that Thompson's use of pepper spray was an excessive use of force. The events of February 23, 2010, were recorded by video camera with full and unobstructed views of plaintiff and Thompson. Doc. No. 98; Ex. D. Plaintiff continually refused to cooperate with Thompson and acted in a violent manner by kicking the cell door and cursing at Thompson. Ex. D. Thompson argues that he used pepper spray in order to avoid a physical

5

extraction of plaintiff from his cell by a five-man movement team. Doc. No. 98, p. 12. Furthermore, plaintiff fails to plead any facts that Thompson's actions were malicious or sadistic in any way. Consequently, plaintiff has failed sufficiently to allege that Thompson used excessive force on February 23, 2010, and, therefore, defendants' motion for summary judgment will be granted as to Thompson.

## PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff has filed eight motions for partial summary judgment. Doc. Nos. 76-83. For the reasons set forth above, and for the reasons set forth in defendant's opposition to plaintiff's motions (Doc. No. 100), plaintiff's motions for summary judgment will be denied.

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion for injunctive relief, requesting that this Court stop Mike Kemna, who is no longer a defendant in this case, and those acting in concert and participation with him from violating plaintiff's due process protections. Doc. No. 84. Plaintiff has failed to meet the standard for preliminary injunctive relief as set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981).

The Supreme Court set out the factors for determining if a preliminary injunction should be issued. They are: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Id. "A preliminary injunction is an extraordinary and drastic remedy to be granted as an exception rather than a rule." Sid Berk v. Uniroyal, Inc., 425 F. Supp. 22, 28 (C.D. Cal. 1977). The movant has the burden of proving that a preliminary injunction should be issued. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (citing Modern Computer Systems v. Modern Banking Systems, 871 F.2d 734, 737 (8th Cir.

6

1989) (en banc).  Because plaintiff fails to meet this standard, his request for injunctive relief (Doc No. 84) will be denied.

## PLAINTIFF'S MOTION FOR COURT ORDER

Plaintiff has filed a motion for relief from this Court's August 29, 2011, Order (Doc. No. 112), in which this Court dismissed, without prejudice, plaintiff's motion for injunctive relief directing his immediate conditional release from incarceration. Doc. No. 113. For the reasons set forth in this Court's Order (Doc. No. 112), and because plaintiff has set forth no appropriate reasons to reconsider that Order, plaintiff's motion will be denied.

Accordingly, it is **ORDERED** that:

(1) defendants' motion for summary judgment (Doc. No. 98) is granted, and defendants Larson and Thompson are severed and dismissed from this case;

(2) plaintiff's motions for summary judgment (Doc. Nos. 76-83) are denied;

(3) plaintiff's motion for injunctive relief (Doc. No. 84) is denied;

(4) plaintiff's motion for court order (Doc. No. 113) is denied;

(5) plaintiff's motions (Doc. Nos. 114-116) are denied as moot; and

(6) this case is dismissed with prejudice.

      /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  November 4, 2011